1  Dan Lawton (State Bar No. 127342)
   dan@lawtonlaw.com (Electronic mail)
2  Joseph C. Kracht (State Bar No. 228507)
   joe@lawtonlaw.com (Electronic mail)
3  LAWTON LAW FIRM
   Emerald Plaza
4  402 West Broadway, Suite 1330
   San Diego, CA 92101
5  (619) 595-1370 (Telephone)
   (619) 595-1520 (Telefacsimile)
6  www.lawtonlaw.com

7  Justin G. Reden (State Bar No. 230068)
   jreden@redenandreden.com (Electronic mail)
8  Todd J. Langford (State Bar No. 254517)
   tlangford@redenandreden.com (Electronic mail)
9  REDEN & REDEN, APC
   16885 Via Del Campo Court, Suite 320
10 San Diego, CA 92127
   (619) 758-3869 (Telephone)
11 (800) 746-5015 (Telefacsimile) www.redenandreden.com

12 Attorneys for Plaintiff Security5, LLC

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITY5, LLC, a Delaware limited liability company,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SHORTCUT LABS AB, a Swedish entity of unknown type; EFULFILLMENT SERVICE, INC., a Michigan corporation, and DOES 1 through 100, inclusive,<br><br>　　　　　Defendants. | Case No. **'16CV2967 MMA BGS**<br><br>PLAINTIFF SECURITY5, LLC'S COMPLAINT FOR DAMAGES AND FOR PRELIMINARY AND PERMANENT INJUNCTIONS FOR INFRINGEMENT OF U.S. PATENT NO. 7,907,931; DEMAND FOR TRIAL BY JURY AND FOR SPEEDY HEARING |

1

Plaintiff Security5, LLC (hereinafter "plaintiff" or "Security5"), pursuant to Fed. R. Civ. P. 8(a), alleges upon knowledge as to itself and its own actions, and upon information and belief as to all other matters, against defendants SHORTCUT LABS AB ("Shortcut Labs"), EFULFILLMENT SERVICE, INC., ("eFulfillment"), and DOES 1 through 100 (collectively "defendants"), as follows:

## THE PARTIES

1. Security5 is a limited liability company organized and existing under the laws of the State of Delaware and has as its principal place of business and is doing business in the County of San Diego, State of California. Security5 is the assignee of United States Patent 7,907,931 (the "'931 Patent") entitled "Portable Communications Device," which issued on March 15, 2011.

2. Defendant SHORTCUT LABS AB is a Swedish entity of unknown type, with a corporate office in Stockholm, Sweden, and is doing business in the State of California.

3. Defendant EFULFILLMENT SERVICE, INC. is a corporation organized and existing under the law of the State of Michigan and is doing business in the State of California.

4. Defendants DOES 1 through 100, inclusive, are sued under those fictitious names. Their true names and capacities are presently unknown to Security5. When their true names and capacities are ascertained, Security5 will amend this complaint by inserting their true names and capacities. Security5 is informed and believes, and on that basis alleges, that each of the fictitiously-named DOE defendants is responsible in some manner for the occurrences referred to in this complaint and proximately caused Security5's injuries and damages.

5. Security5 is informed and believes, and on that basis alleges, that, at

all times mentioned in this complaint, each defendant was the agent of each of the remaining defendants, and in doing the things alleged, was acting within the course and scope of such agency and with the permission and consent of their co-defendants. Each defendant has ratified and approved the actions of the remaining defendants.

## JURISDICTION AND VENUE

6. This action for patent infringement arises under the patent laws of the United States, Title 35 of the United States Code, and under 28 U.S.C. § 2201 and Fed. R. Civ. P. 57.

7. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), and 2201.

8. Venue is proper in this judicial district under pertinent law, including, *inter alia*, 28 U.S.C. §§ 1391(b), (c) and 1400(b).

## PATENT IN SUIT

9. Plaintiff realleges and incorporates by reference as though fully set forth all of the preceding paragraphs.

10. The patent in suit is the '931 Patent. The original patent application was filed as a PCT Application in Ireland on May 26, 2004. The '931 Patent claims priority to IE S2003/0397 filed with the Irish Patents Office on May 26, 2003. On July 6, 2006, the Irish inventors then assigned the patent application to Securecom Technologies Limited, an Irish company the inventors jointly owned. The USPTO issued the '931 Patent on March 15, 2011.

11. Securecom Technologies Limited then assigned all rights in the '931 Patent to TLCD, LLC, a Delaware limited liability company, on August 19, 2014. TLCD, LLC, in turn, assigned all patent rights in the '931 Patent to the plaintiff, Security5, LLC, on August 19, 2014.

12. Security5 holds the '931 Patent rights and is developing and

1 preparing to manufacture, sell and distribute a personal security alert device,
2 known as "OnAlert" or "My Panic Button." which embodies the patented
3 invention.
4     13.    The '931 Patent discloses and claims a portable device that indicates
5 its location to other devices using a combination of wireless technologies. In one
6 embodiment of the invention, a person can use the portable device in the form of
7 a wearable electronic pendant, which, in the event of an emergency, can be used
8 to summon help remotely.
9     14.    The portable device works by first taking an input from the person
10 wearing it. When the person presses a button, or uses a voice command, the
11 portable device initiates a connection to a wireless telecommunications terminal,
12 typically a mobile phone, via Bluetooth. Using that connection with the mobile
13 phone or some other connection, the portable device may determine its location.
14 It can do this based on location information from the mobile phone (e.g., by using
15 GPS or triangulation of mobile phone) or through some other external electronic
16 positioning system.
17     15.    The portable device, using the mobile phone connection, can then
18 send text, audio, and/or location coordinates from the person wearing it to a
19 predetermined contact or location.

## THE PATENTED DEVICE

21     16.    Plaintiff realleges and incorporates by reference as though fully set
22 forth all of the preceding paragraphs.
23     17.    The patented device is known as OnAlert or My Panic Button.
24 Security5 is developing OnAlert for manufacture and sale as a personal
25 emergency alert wearable device, which is activated by a push button. OnAlert
26 wirelessly connects via Bluetooth to an app on a smartphone. When activated,
27 OnAlert will initiate text messages to friends or other contacts that include the
28

location of the OnAlert device.

18. Security5 has developed and is continuing to develop its OnAlert product. OnAlert devices have been distributed to a select group of individuals who are able to activate the device to send out emergency alert text messages that includes their location to selected contacts. A picture of the OnAlert device (on the left) alongside the infringing device (on the right) is shown below:



## THE INFRINGING PRODUCT

19. Plaintiff realleges and incorporates by reference as though fully set forth all of the preceding paragraphs.

20. The infringing product is referred to as the "Flic." Shortcut Labs manufactures and sells the Flic, and eFulfullment uses, sells, and distributes the Flic, as a personal emergency alert wearable device, which is activated by a push button. The wearable device is wirelessly connected via Bluetooth to an app on a smartphone. When activated, the Flic will communicate with a user's phone to send text messages to pre-selected contacts, along with GPS coordinates.

21. The Flic performs the same function as the My Panic Button pendent, in the same way, to obtain the same result:

| Claim Limitation[1] | Limitation Met |
|---|---|
| A portable communications device for wearing on a person for communicating a signal indicative of the location of the person to a predetermined location | Flic is a portable communications device that secures to a user's clothing, as its packaging indicates, and is paired with a mobile phone. When paired with an associated mobile phone and its button pressed, the Flic causes text messages to be sent to another mobile phone previously specified (predetermined location). The text message includes a link with data that includes the location of the Flic. |
| wherein the communications device is operable in conjunction with a wireless enabled telecommunications terminal equipment device for communicating the signal indicative of the location of the person to a predetermined location, and | When the Flic button is pressed, as above, the device interacts with an associated mobile phone, causing it, without further interaction, to send a text message with the location of the Flic to another mobile phone previously specified. |

---

[1] Only claim 1 of the '931 Patent is shown here. The Flic also infringes claims 2, 3, 15, 19, and 20. Claims 2 and 3 say the portable communications device includes a switch/button as the specific means of the input interface. Claim 15 includes the limitation of the device transmitting a preliminary activating signal, which is indicative of the identity of the device, among other limitations. Claims 19 and 20 limit the telecommunications terminal equipment device to a mobile phone.

| | |
|---|---|
| the portable communications device comprises a position determining circuit for communicating with an external electronic positioning system for determining the location of the device, | The Flic includes a circuit that communicates with the external electronic positioning system for determining the location of the Flic. |
| an input interface for receiving an input signal, | The Flic has an input interface (a button) that receives an input signal when activated (i.e., when pressed). |
| a wireless transmitter for transmitting a signal from the device to the wireless enabled telecommunications terminal equipment device via a wireless communications link, | The Flic uses Bluetooth wireless communication to interact with the associated mobile phone. |
| a microprocessor responsive to an input signal entered through the input interface for reading a signal indicative of the location of the device from the position determining circuit, and | The Flic responds to input via a microprocessor responsive to the button being engaged, which in turn reads a signal that indicates the location of the device, enabling the location of the Flic to be sent via a text message. |

| | |
|---|---|
| for operating the wireless transmitter for transmitting an activating signal to the wireless enabled telecommunications terminal equipment device, | The Flic button when engaged communicates via Bluetooth to the associated mobile phone, which necessitates a wireless transmitter. This transmitter transmits an activating signal to the associated mobile phone, evidenced by the Flic mobile app on the associated mobile phone being activated when the Flic button is pressed. |
| the activating signal comprising a signal indicative of the identity of the device and the signal indicative of the location of the device, | The Flic sends a signal that activates the associated mobile phone that necessarily identifies the device (i.e., the Flic). The signal sent indicates the location of the Flic. |
| the activating signal being provided for activating the wireless enabled telecommunications terminal equipment device for communicating the signals indicative of the identity and location of the device to the predetermined location via a telecommunications network. | When its button is pressed, the Flic activates the associated mobile phone via a Bluetooth activating signal, which in turn, once activated, sends a text message to another mobile phone previously specified. That message includes identity and location data associated with the location of the Flic, all necessarily transmitted over a telecommunications network. |

# FIRST CLAIM FOR RELIEF

(Infringement of Patent)

(Against All Defendants)

22. Plaintiff realleges and incorporates by reference as though fully set forth all of the preceding paragraphs.

23. The '931 Patent issued on March 15, 2011. Its priority date is May 26, 2003. A true and correct copy of the '931 Patent is attached hereto as Exhibit 1 and incorporated herein by this reference.

24. Plaintiff is the sole owner of the '931 Patent.

25. Shortcut Labs has literally infringed, and still is infringing, at least claims 1, 2, 3, 15, 19, and 20 of the '931 Patent by making, using, selling, offering for sale and/or licensing products and services covered by one or more claims of the '931 Patent without plaintiff's authorization or consent. These products and services include, *inter alia*, Shortcut Lab's Flic and mobile software application.

26. eFulfillment has literally infringed, and still is infringing, at least claims 1, 2, 3, 15, 19, and 20 of the '931 Patent by using, selling and/or distributing products covered by one or more claims of the '931 Patent without plaintiff's authorization or consent. These products include, *inert alia,* Shortcut Lab's Flic device.

27. In the alternative, to the extent Shortcut Labs, eFulfillment, and the accused product are found to not literally infringe the '931 Patent, Security5 invokes the Doctrine of Equivalents. The Flic product performs substantially the same function, in substantially the same way to obtain the exact same result of each and every limitation of claims 1, 2, 3, 15, 19, and 20 of the '931 patent. There is no substantial difference between any element of those claims of the '931 Patent and its nearest nonliteral counterpart in the accused product.

28. Shortcut Labs has infringed the '931 Patent, and will continue to do so unless enjoined by this Court.

29. Shortcut Labs is aware of the '931 Patent and its infringement has been willful.

30. Shortcut Labs is actively inducing and/or contributing to infringement of the '931 Patent by others, including without limitation every user of the Flic.

31. eFulfillment has infringed the '931 Patent, and will continue to do so unless enjoined by this Court.

32. eFulfillment is aware of the '931 Patent and its infringement has been willful.

33. eFulfillment is actively inducing and/or contributing to infringement of the '931 Patent by others, including without limitation every user of the Flic.

34. By reason of the foregoing, plaintiff has suffered damages in an amount to be proven at trial and, in addition, has suffered irreparable loss and injury.

35. The acts of infringement described above are willful, deliberate and in reckless disregard of plaintiff's patent rights.

### **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for relief as follows:

A. That all defendants, and each of them, be adjudged to have infringed the '931 Patent under 35 U.S.C. § 271(a), (b), (c), and (g);

B. That all defendants, and each of them, be adjudged to have willfully infringed the '931 Patent under 35 U.S.C. § 271(a), (b), (c), and (g);

C. That defendants, and each of them, as well as their respective officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them be preliminarily and permanently restrained

1 and enjoined under 35 U.S.C. § 283 from directly or indirectly infringing the '931
2 Patent;
3     D.    That the Court award damages to compensate Security5 for the
4 defendants' infringement of the '931 Patent, as well as enhanced damages
5 pursuant to 35 U.S.C. § 284;
6     E.    That the Court award Security5 its attorneys' fees pursuant to 35
7 U.S.C. § 285 for defendants' willful infringements;
8     F.    That the Court assess pre-judgment and post-judgment interest and
9 costs of suit against defendants, and award such interest and costs to Security5;
10     G.    That Security5 have such other and further relief as this Court may
11 deem just and proper.

DATED: December 7, 2016        LAWTON LAW FIRM

By: s/Dan Lawton
DAN LAWTON
Attorneys for Plaintiff Security5, LLC

| | |
|---|---|
| 1 | **DEMAND FOR TRIAL BY JURY** |
| 2 | Plaintiff Security5, LLC hereby demands a trial by jury as to all issues |
| 3 | triable by jury, specifically including, but not limited to, the infringement of |
| 4 | United States Patent No. 7,907,931. |
| 6 | DATED: December 7, 2016　　　　LAWTON LAW FIRM |
| 10 | By: s/Dan Lawton |
| 11 | DAN LAWTON<br>Attorneys for Plaintiff Security5, LLC |